DAVID FARQUHAR & another *vs.* DANIEL J. O'CONNELL & another.

Middlesex.    March 14, 1928.— May 29, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Mortgage,* Of real estate: validity. *Equity Jurisdiction,* Rescission, To relieve from the results of fraud.

In a suit in equity by an owner of land to enjoin the foreclosure of a mortgage upon it and for cancellation of the mortgage, which was given by the plaintiff in connection with the purchase of other land from one who had acted as his attorney, the plaintiff contended that, under the agreement with the attorney, the mortgage was to run to the mortgagee for the attorney's benefit; and that the attorney by false representations induced him to sign the mortgage in blank covering more of his land than was agreed upon. A master found that the mortgage was executed properly; that it conformed to the agreement between the plaintiff and the attorney; that the attorney had undertaken to procure the mortgage for the plaintiff; that the agreement was carried

out according to its terms by the attorney; and that the mortgagee in good faith took the mortgage for his own benefit for a valuable consideration without notice of the relations between the plaintiff and the attorney except that the attorney was employed to procure the mortgage. The master also found that certain recitals in some of the documents were inaccurate, due to a clerical error. *Held,* that

(1) Nothing appeared to show that the mortgage was invalid or that the foreclosure should be enjoined;

(2) The plaintiff was not entitled to relief because of the inaccurate recitals.

In the suit above described, it appeared that certain other land of the plaintiff was conveyed by him to the attorney. The plaintiff contended that such conveyance was merely for the purpose of conveyance by the attorney to the plaintiff's wife, and sought to have the attorney ordered to reconvey the land. The master found that the attorney was not guilty of any fraud and that the land was conveyed for services rendered and to be rendered to the plaintiff by the attorney which were fairly worth its value. *Held,* that the plaintiff was not entitled to a reconveyance.

BILL IN EQUITY, filed in the Superior Court on January 25, 1924, and described in the opinion.

The suit was referred to a master, material facts found by whom are stated in the opinion. The plaintiffs contended that the purchase price of the Lexington property was $12,000, to be paid by the conveyance of the Boston property valued at $2,500, a note for $5,000 secured by a mortgage on one parcel only of the Lincoln property running to Dobbins for O'Connell's benefit, and a note for $4,500 secured by a mortgage on the Lexington property; and that the plaintiffs signed a number of blank forms in reliance on O'Connell's representations that they were the papers necessary to carry out the foregoing agreement. As to the Boston property, the plaintiffs contended that it was originally conveyed by the plaintiff Farquhar to O'Connell for conveyance by the latter to Farquhar's wife. The master found that it was agreed between the plaintiffs and O'Connell that the entire Lincoln property should be mortgaged.

By an interlocutory decree, exceptions by the plaintiffs to the master's report were overruled and the report was confirmed; and a final decree dismissing the bill was entered by order of *Sisk,* J. The plaintiffs appealed.

*E. I. Smith,* for the plaintiffs.

*F. R. Mullin,* (*P. F. Spain* with him,) for the defendant O'Connell.

*H. P. Johnson,* for the defendant Dobbins.

SANDERSON, J.    The plaintiffs bring this bill to enjoin the foreclosure of a mortgage upon the plaintiffs' real estate in Lincoln, held by the defendant Dobbins, for cancellation of the mortgage upon the ground that it was procured by fraud, and for an accounting.    They also seek the reconveyance from the defendant O'Connell of certain real estate in Boston.

The plaintiffs agreed to purchase of O'Connell real estate in Lexington, and he as their attorney undertook to procure for them a mortgage on their Lincoln property.    O'Connell, who also had acted as attorney for and was indebted to the defendant Dobbins on two overdue notes, arranged with him to take a mortgage on the Lincoln property for $5,250. Dobbins surrendered to O'Connell the two notes and paid in cash the balance of the money secured by the mortgage. The amount for which the mortgage was given was credited to Farquhar by O'Connell on the purchase price. of the Lexington property in accordance with the agreement which the master found the plaintiffs had with O'Connell.    The master also found that the mortgage on the Lincoln property, the note, and the deeds involved in the transaction were properly executed and were given pursuant to an agreement between David Farquhar and the defendant O'Connell. His finding that these documents were not signed in blank by the plaintiffs is conclusive on that issue.    He found that Dobbins was the holder in due course of the mortgage note, having taken it in good faith for valuable consideration; that he held it for his own benefit and not for that of O'Connell; and that he took the mortgage without knowing the relations between the plaintiffs and O'Connell except that he was informed that O'Connell was employed to procure a mortgage on the plaintiff's real estate in Lincoln.    Upon these findings there is no sound ground for the contention that the mortgage held by Dobbins is invalid or that the foreclosure should be restrained.

The master found that O'Connell and the plaintiffs agreed

that the plaintiffs should pay O'Connell $12,750 for the Lexington property, part of which was represented by a first mortgage for $7,500 already on the property, the balance to be paid with the $5,250 derived from the mortgage on the Lincoln property. It seems that this transaction was consummated in accordance with the agreement. The plaintiffs are not entitled to any relief because of inaccurate recitals, found to be due to a clerical error.

The plaintiffs' contention, that the conveyance of real estate in Boston from them to O'Connell was made without consideration and in violation of his duty to them, must fail because of the finding of fact, on conflicting evidence, that this property was conveyed to O'Connell for services rendered and to be rendered which were fairly worth its value, and that the charges of fraud in the transaction were not proved. The findings on all material issues are in favor of the defendants and the decree dismissing the bill must be affirmed with costs.

*Ordered accordingly.*