A. MYRON TARR *vs.* WILLIAM H. VIVIAN, administrator, & others.

Essex. December 3, 1929. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court,* Jury issues. *Will,* Validity. *Unsound Mind. Undue Influence. Attorney at Law.*

There was no error in the denial by a judge of probate of a motion for jury issues, by next of kin opposing a petition for proof of a will, so far as the motion sought the framing of an issue for trial by jury as to the soundness of mind of the alleged testator, although it appeared from a statement by the respondent's counsel that the deceased was seventy-four years of age when he died, about two years after making the alleged will; that his mother and a sister had been inmates of an insane hospital; that a brother had committed suicide; that the decedent was careless of his personal appearance and was uncleanly; that his habits were not social and that he paid no attention to acquaintances whom he met on the street; and that he had failed to cause proper attention to be given in their joint home to an aged sister incapable of caring for herself.

Another issue sought to be framed by the motion above described was whether the will had been procured by undue influence of a certain attorney at law or his father, who were not relatives of the decedent. It appeared from the statement by the respondent's counsel that the attorney and his father were the only substantial beneficiaries under the will; that small amounts only were given to charity and to the decedent's relatives; that the decedent had worked for the attorney's father for many years as a man of all work; that, shortly before the alleged will was executed, the decedent's brother had died and the decedent had inherited one half of his estate; that the attorney had been appointed administrator of that estate and had had charge of affairs connected therewith; and that, when it appeared that the property thereof was worth a substantial sum, the attorney drafted the alleged will and was present at its execution. The motion also was denied as to this issue. *Held,* that

(1) The oddities and other characteristics of the decedent described in the statement by the respondent's counsel with reference to the issue as to his soundness of mind properly could be considered in connection with the issue as to undue influence so far as they showed that he was liable to be influenced;

(2) The circumstances, in view of the highly confidential and fiduciary relationship of attorney and client existing between the attorney and the decedent, required the framing of an issue as to undue influence of the attorney;

(3) The denial of the motion in that respect was erroneous;

(4) There was nothing to warrant the framing of an issue as to undue influence of the attorney's father.

PETITION, filed in the Probate Court for the county of Essex on April 29, 1929, for proof of the will of John Tucker, late of Gloucester.

William H. Vivian, as guardian of Mary Frances Tucker, sister and sole heir at law of the deceased, appeared to contest the petition and filed a motion for the framing of issues for trial by jury, as described in the opinion. The motion was heard by *Dow*, J., upon a statement by respondent's counsel, a stenographer having been appointed under G. L. c. 215, § 18, as amended. The motion was denied. The respondent appealed. Material portions of the statement appear in the opinion. The respondent having died thereafter, William H. Vivian, as administrator of her estate, and her heirs at law were substituted as appellants.

*R. C. Davis*, for the respondents.

*G. C. Richards*, for the petitioner.

RUGG, C.J. This is an appeal from a decree of a probate court denying a motion to frame issues for trial by jury touching the allowance of an instrument purporting to be the last will of one John Tucker. Three issues were included in the motion, but one has been waived.

The record fails to disclose any substantial ground for reversing the denial of the issue as to unsoundness of mind. The statement of expected proof on this point was that the mother and a sister of the deceased each had been an inmate of an insane hospital, that a brother had committed suicide, that the decedent was careless of his personal appearance and was uncleanly, that his habits were not

social and that he paid no attention to acquaintances whom he met on the street, and that he had failed to cause proper attention to be given in their joint home to an aged sister incapable of caring for herself. *Clark* v. *McNeil*, 246 Mass. 250. *Johnson* v. *Talbot*, 255 Mass. 155.

The only question of difficulty relates to the issue concerning undue influence. A summary of the statement of expected proof on this point is that the decedent for a number of years had worked for Henry A. Tarr, a real estate dealer, as man of all work at his house and office; that at the time of the execution of the will, about two years before his death, he was seventy-two years of age and ate many of his meals at the house of his employer; that shortly before a brother had died, of whose estate he inherited one half; that A. Myron Tarr, an attorney at law, a son of Henry A. Tarr, was appointed administrator of that estate; that on the back of his bond the estimate of the personal estate was $300, but that the inventory disclosed more than $11,000 of personal estate; that just after this considerable amount of personal estate came to light but before the inventory was filed, the instrument here offered for probate was drafted by and executed in the presence of A. Myron Tarr, who was made the residuary legatee and thereby given according to his estimate about $3,000, and that to the father, Henry A. Tarr, was devised a one half interest in certain real estate subject to a life estate in the sister of the deceased; that later A. Myron Tarr secured a license to sell some land of the estate of the deceased brother and executed a deed of it to the decedent; and also drew a deed of the interest of the insane sister to the decedent, who cared nothing for the land and never visited or used it, and this land was devised to A. Myron Tarr by the instrument in question; and that A. Myron Tarr had never rendered an account of his administration of the estate of the deceased brother of the decedent, although the sister, the other heir of that estate, was insane and under guardianship and the guardian had been paid only $1,000. When asked about various matters, the decedent said that Tarr had charge of them. The instru-

ment offered for probate as the will distributes various small sums to certain charities and relatives and gives to his sister a half interest for life in the house where they lived. The two Tarrs, father and son, were the only substantial beneficiaries under the will. The oddities and other characteristics of the decedent already narrated might be considered on this issue so far as they tended to show him liable to be influenced.

When a person of advanced years, having near kindred but no children, through an attorney at law with whom he is personally intimate and has important and confidential business relations but who is not a kinsman, executes an instrument as a will without independent and disinterested advice, whereby a small fraction of his estate is given to his next of kin and to charity and the residue of it to the attorney at law and his family, the law views the transaction with considerable jealousy. Slight additional circumstances indicating susceptibility to influence on the part of the alleged testator, or dominating power on the part of the attorney, would support a finding of undue influence. The relation of attorney and client is in any event highly confidential and fiduciary, and business dealings between them are discouraged by the policy of the law. *Davenport* v. *Johnson*, 182 Mass. 269, 273. *Hayes* v. *Moulton*, 194 Mass. 157, 165. The attorney is held to a conspicuous degree of fidelity and is forbidden to take any personal advantage of his client. *Dunne* v. *Cunningham*, 234 Mass. 332, 335 and cases cited. *Berman* v. *Coakley*, 243 Mass. 348, 354–356. Although the case is close, we think that the issue as to undue influence on the part of the attorney at law who drafted the will, was present at its execution, and was the most substantial beneficiary under it, ought to be allowed. *Fuller* v. *Sylvia*, 240 Mass. 49. We find nothing in the record to substantiate undue influence on the part of Henry A. Tarr. The decree must be reversed and a decree be entered framing an issue on the undue influence of the attorney at law.

*Ordered accordingly.*