MILES MOONEY *vs.* KATHERINE E. McKENZIE & another.

Worcester.    September 26, 1949. — November 4, 1949.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Probate Court,* Jury issues. *Will,* Validity. *Undue Influence. Attorney at Law.*

Facts, reported as material by a judge of probate upon a contest of a purported will, made by an aged woman at a time when she "had difficulty in hearing and understanding," whereby she named as executor an attorney, not her relative, who drew and attended to the execution of the purported will without her having independent advice and gave him, in addition to a pecuniary legacy, the residue, comprising a substantial part of her estate, "absolutely . . . to his own use" with a suggestion, but not a requirement, that "he use the same or so much thereof as to him may seem appropriate for such uses and purposes as I have or may from time to time communicate to him", required that an issue be framed for jury trial as to whether the clauses of the purported will pertaining to the attorney were procured by his fraud or undue influence.

In a contested will case, a jury issue as to fraud or undue influence might properly be framed applicable only to certain clauses of the purported will where those clauses were easily separable from the rest of the will.

PETITION, filed in the Probate Court for the county of Worcester on September 8, 1948, for proof of the will of Anna I. Damon, late of Holden.

A motion for a jury issue was heard by *Wahlstrom, J.*

*C. W. Proctor*, for the contestants.

*E. J. McCabe*, for the proponent.

QUA, C.J. In proceedings on a petition for proof of the alleged will of Anna I. Damon, late of Holden, the contestants moved for the framing of an issue whether the execution of paragraphs 8, 13, and 14 of the alleged will had been procured by the fraud or undue influence of Miles Mooney. The judge entered an order which, as it appears in the record, is equivocal and contradictory in terms, but which all parties interpret as a denial of the motion. We accept their interpretation. The contestants appeal. The evidence is not reported.

The alleged will gives twelve legacies to various persons, of which six are for $1,000, five for $500, and one of an antique desk. The eighth paragraph is a legacy of $1,000 to Mr. Mooney, the petitioner. The thirteenth paragraph is a residuary clause giving the entire residue to Mr. Mooney "absolutely . . . to his own use." Then follows this provision, "I suggest but do not require that he use the same or so much thereof as to him may seem appropriate for such uses and purposes as I have and may from time to time communicate to him, but without any restrictions or accounting in respect thereto." The fourteenth paragraph appoints Mr. Mooney executor with full power to sell real or personal property and to compromise or settle all claims against or in favor of the estate.

The judge made a report of the material facts under G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3. The facts found are in substance these: The decedent was ninety-three years old. She "lived by herself." In 1940 she retained Mr. Mooney, who was an attorney at law, to draft a will. In preparing that will he saw her twice. That will bequeathed $1,000 to Mr. Mooney. "Subsequently" the decedent made at least four other wills. In the spring of 1946, at her request, communicated to him through a nephew, Mr. Mooney visited her in relation to drafting the alleged will now propounded for probate. She had not

seen him from 1940 until 1946, and did not know him. He
had to introduce himself. She "had difficulty in hearing
and understanding." After preparing the new will Mr.
Mooney returned to the decedent with two witnesses, one
of whom was his law partner and the other a Holden phy-
sician. The new will was duly executed and witnessed by
three witnesses. The decedent died about a year and a
half later. The judge concluded that although Mr. Mooney
was "a beneficiary of the bounty of his client," yet the judge
was "unable to find that there is any undue influence which
would warrant . . . [him] in granting a petition for jury
issues."

In the absence of the evidence it must be assumed that
there was evidence to support the findings, and it must also
be assumed that the judge's report of material facts con-
stituted the entire basis on which he denied the motion.
*Topor* v. *Topor*, 287 Mass. 473, 476. *Matter of Loeb*, 315
Mass. 191, 195. *Vergnani* v. *Vergnani*, 321 Mass. 703. And
specific findings control general conclusions, if there is in-
consistency between them. *Colby* v. *Callahan*, 311 Mass.
727. We think it fairly inferable from the findings that the
decedent had no independent advice. At any rate, the
petitioner has failed to show that she had. *Barnum* v. *Fay*,
320 Mass. 177, 181. The petition for proof of will mentions
two grandnieces as the heirs at law and next of kin, al-
though the findings refer to "a nephew" as if a nephew of
the deceased were meant. The docket entries show a special
administrator's inventory of $14,485.17. There is nothing
in reference to real estate, and the judge's findings do not
disclose the value of the real estate, if there was any. The
legacies, without the desk, amount to $8,500, including the
one to Mr. Mooney.

In our opinion the specific findings and the inferences we
draw from them require that the issue be framed for the
jury.

Where an attorney at law who is not himself a relative of
the deceased draws a will for a client of advanced years who
leaves near kindred, and where the attorney himself attends

to the execution of the will and the client has no independent advice, and where the kindred receive little or nothing under the will and the attorney benefits substantially by it, although "there is no presumption of undue influence on an attorney's part, yet in view of the jealous scrutiny to which the law has thought it wise to subject transactions of this kind it is proper that ordinarily an investigation by a jury be had." *Wellman* v. *Carter*, 286 Mass. 237, 248, following, *Tarr* v. *Vivian*, 272 Mass. 150. In the *Wellman* case the relatives were cousins. We think the case before us is within the authority of the *Tarr* and *Wellman* cases notwithstanding slight differences in the facts. It does not present facts comparable to those which distinguished *Frawley* v. *Snell*, 299 Mass. 398, 403–404, and *Slater* v. *Munroe*, 316 Mass. 129, 132. The heavy duty resting upon an attorney in all personal dealings with his client has been fully treated in *Israel* v. *Sommer*, 292 Mass. 113, and need not be reviewed here. It is true that the wording of the residue clause suggests that the deceased may not have expected that Mr. Mooney would keep the residue himself. But no trust was created, and there would be nothing to prevent him from keeping it. A clause so worded could easily have been misunderstood by a woman of ninety-three who "had difficulty in hearing and understanding." It does not appear that the deceased ever in fact communicated to Mr. Mooney any of her desires as to the disposition of the residue. There is nothing in the wording of this clause that relieves him from the possibility of adverse inferences. See *Doggett* v. *Morse*, 299 Mass. 383, 388.

There is no difficulty in separating the eighth, thirteenth, and fourteenth paragraphs from the remainder of the will and in framing an issue applicable to these paragraphs alone. These are the only paragraphs by which Mr. Mooney would benefit. *Old Colony Trust Co.* v. *Bailey*, 202 Mass. 283, 288–289. *Fuller* v. *Sylvia*, 240 Mass. 49, 55. *Wellman* v. *Carter*, 286 Mass. 237, 250.

The order denying the contestants' motion for the framing for jury trial of the issue whether the eighth, thirteenth,

and fourteenth paragraphs of the alleged will were procured by fraud or undue influence of the petitioner is reversed, and an order is to be entered allowing the motion.

*So ordered.*