*Northern District*

No. 5121

**JAMES C. JAMIESON**

v.

**PHILLIP D. MORELLO**

(July 23, 1957)

*(This opinion has been abridged)*

*Present:*   GADSBY, P. J. AND ENO, J.

*Gadsby, P. J.*   This is an action in tort wherein the plaintiff is seeking to recover damages as a result of his automobile being involved in an accident with a motor vehicle negligently operated by the defendant.

The defendant's answer alleges a general denial, plaintiff's contributory negligence and violation of law.

The defendant duly submitted "Requests for Rulings of Law," which with the Court's action thereon were as follows:

1. The evidence requires a finding for the defendant. *Disallowed.*

2. The evidence warrants a finding for the defendant. *Allowed.*

3. The evidence is insufficient to warrant a finding for the plaintiff. *Disallowed.*

4. Upon all the evidence, the plaintiff cannot recover. *Disallowed.*

5. The burden is upon the plaintiff to establish by a preponderance of the evidence that the defendant was negligent. *Allowed.*

6. If the plaintiff was negligent in the operation of his motor vehicle at the time of the accident, he cannot recover. *Allowed.*

7. The mere occurrence of the accident is not evidence that the defendant was negligent. *Allowed.*

The Court warrantably made Special Findings of Fact together with the decision finding for the plaintiff as follows:

"I find that defendant negligently ran into plaintiff who was in the exercise of due care" and "Find for the plaintiff and assesses damages in the sum of $56.42." (Includes interest).

The defendant claims to be aggrieved by the refusal of the Court to allow the defendant's Requests for Rulings of Law, Nos. 1, 3 & 4.

The defendant claims to be further aggrieved because the Special Findings made by the Court hereinbefore set forth are not warranted by the evidence and are erroneous as a matter of law.

Questions of negligence on the part of the defendant and contributory negligence on the part of the plaintiff are primarily questions of fact which must be decided by the trier of the facts. *Hladick v. Williams,* 292 Mass. 470 at 473; *Morton v. Dobson,* 307 Mass. 394, 397; *Barrows v. Guerin Trucking Co.,* 304 Mass. 500. The question presented was one of fact for the trial judge upon a consideration of all the evidence. *Castano v. Leone,* 278 Mass. 429.

█ Findings made upon oral testimony are not to be reversed unless they are plainly wrong. The obvious reason for the rule is that, "A judge who has seen and heard the witnesses is in a much better position to determine their credibility than we are from a printed record. *Barnum v. Fay*, 320 Mass. 177, 180.

█ The plaintiff was not bound to show the exact particulars of the defendant's negligence. He made out a *prima facie* case if he proved facts from which an inference of negligence could properly be drawn. *West v. Linehan*, 201 Mass. 499; *Marchant v. Connelly*, 140 N.E. 2nd 173.

There being no prejudicial error in the denial of the defendant's requests for rulings of law numbered 1, 3 and 4, the report is ordered dismissed.

Saul Gordon, for the plaintiff.

Angelo Morello, for the defendant.