JOSEPH RUCZINSKI *vs.* JOSEPH RUSS & another.

Middlesex.　April 8, 1958. — May 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Fraud. Fiduciary. Attorney at Law. Deed,* Validity.

Findings that in the execution and recording of a deed of real estate by parents to a straw and a deed by the straw granting joint life estates in the property to the parents and the remainder to their son and his wife as tenants by the entirety there was no misrepresentation or fraud and that the effect of the deeds was fully explained to the parents by an attorney who advised them and drew the deeds, was understood by the parents, and was in accordance with their then purpose showed no breach of fiduciary duty on the part of the attorney, although he was a brother of the son's wife, or ground for maintenance of a subsequent suit in equity by the surviving parent against the son and his wife for a reconveyance of the property.

BILL IN EQUITY, filed in the Superior Court on August 1, 1955.

After confirmation of a master's report, the suit was heard for final decree by *Forte,* J.

*Abraham Zintz,* for the plaintiff.

No argument nor brief for the defendants.

RONAN, J. This is an appeal from a final decree dismissing a bill brought by the plaintiff to compel the defendants to reconvey to him certain premises in Cambridge alleged to have been conveyed by him to them through misrepresentation and fraud.

The facts appear from the report of a master which has been confirmed and which may be summarized as follows. The plaintiff and his wife purchased the premises in 1929 and held title thereto as tenants by the entirety. The property consisted of a three story dwelling, with an apartment on each floor, and a two car garage. The plaintiff and his wife occupied the first floor. The defendant Joseph Russ is the son of the plaintiff and the husband of the other de-

fendant Agnes Russ. The plaintiff and his wife in the early part of 1948 began to talk to their son about conveying the property to him. Agnes was present at some of these conversations. In the early summer of 1948 the plaintiff requested Joseph to have Peter Powilatis call upon the plaintiff in reference to a transfer of the property. Mr. Powilatis is an attorney engaged in a full time position in the legal department of a large public transportation company. He is the brother of Agnes. He conferred with the plaintiff and his wife about July 4, 1948, and advised them to think the matter over. He called a second time in response to the plaintiff's request. On the first or second visit he advised them to retain life estates in the property, and both the plaintiff and his wife adopted this suggestion. The effect of the deeds he proposed to draft was explained in layman's language and he especially pointed out that the deed would include Agnes Russ as a grantee. The plaintiff and his wife understood the purport of the deeds, and made no objection to Agnes being included as a grantee. On August 3, 1948, Mr. Powilatis, accompanied by his unmarried sister Josephine, came to the plaintiff's home. The plaintiff and his wife executed a deed running to Josephine and she executed a deed granting joint life estates to the plaintiff and his wife and the remainder to the defendants as tenants by the entirety. Both deeds were recorded on August 11, 1948.

The master found that no misrepresentation of the contents or the effect of the two deeds was made to the plaintiff or his wife by the defendants or by Mr. Powilatis or Josephine Powilatis, and that in giving the property to their son and daughter-in-law after their own lives they understood the effect of the deeds which was in accordance with their then purpose.

The plaintiff at the time of the transfer was a little over sixty years of age and in good health. He could read and write and had a fair command of English. His wife was an invalid but able to get around her home. Neither the plaintiff nor his wife suffered from any mental impairment

and both were able to make decisions of their own concerning their property. The plaintiff's wife died before the filing of the instant bill. The master also found that the plaintiff did not execute the deed of August 3, 1948, as a result of any fraud, actual or constructive.

The evidence is not reported. The master found that Mr. Powilatis was acting in the capacity of an attorney in advising the plaintiff and his wife and in drafting the deeds transferring their property to their son and his wife. It would have been better if the plaintiff and his wife had selected some other attorney who was not connected by family ties to one of the grantees. "The relation of attorney and client is in any event highly confidential and fiduciary, and business dealings between them are discouraged by the policy of the law. . . . The attorney . . . is forbidden to take any personal advantage of his client." *Tarr* v. *Vivian,* 272 Mass. 150, 153. *Webster* v. *Kelly,* 274 Mass. 564. *Israel* v. *Sommer,* 292 Mass. 113. *Reilly* v. *McAuliffe,* 331 Mass. 144, 148. The master expressly found that no misrepresentation was made and that no fraud was exercised upon the plaintiff and his wife, that the effect of the deeds was fully explained to them by Mr. Powilatis, and that they understood the situation. It is plain that no advantage was taken by the attorney. The effect of the findings is that there was no overreaching by Mr. Powilatis and that he did not commit any breach of the fiduciary relationship that he owed the plaintiff. *Wellman* v. *Carter,* 286 Mass. 237. *Slater* v. *Munroe,* 316 Mass. 129. *Barnum* v. *Fay,* 320 Mass. 177, 181.

*Final decree affirmed with*
*costs of the appeal.*