MARY J. BRUNO *vs.* ROBERT E. BRUNO & another.[1]   October 30, 1980.
The defendants Robert E. and Doris E. Bruno appeal from a judgment of
a Probate Court in favor of the plaintiff, who is Robert's aunt. The de-
fendants contend that the judge's ultimate finding that the deed convey-
ing certain of the plaintiff's property in Douglas to the defendants was
procured by undue influence is not warranted by his subsidiary findings.
We agree. The judge's factual findings may be summarized as follows.
Sometime in late November of 1976, after Robert had made substantial
repairs to the property which repairs the judge found to be worth $2,500,
the plaintiff approached Robert and asked him if he would like to pur-
chase the property for $5,000, a price he had offered many years previous-
ly.  Robert retained an attorney to prepare the deed and during a meeting
on January 19, 1977, at which Robert, his attorney, and the plaintiff were
present, the plaintiff signed the deed conveying the property to the de-
fendants. Thereafter, Robert paid the taxes on the property for years 1977
and 1978.  The judge specifically found that although the plaintiff was
ninety-nine years of age, she was of sound mind, lived alone and was self-
sufficient.  Nevertheless, he found that because of her advanced years, a
"most subtle kind of undue influence was sufficient to overcome [her]
will."  He also found that, as a result of Robert's undue influence (ac-
complished without malice), the plaintiff did not understand the conse-
quences of her signature on the deed and that "because of her advanced
age, it was incumbent upon the defendant [Robert] . . . to deal with the
plaintiff with extraordinary care."

One who signs a writing that is obviously a legal document is presumed
to be fully aware of its terms, unless it can be proved that he was induced to
sign it by fraud or undue influence. *Dobija* v. *Hopey,* 353 Mass. 600
(1968). *Markell* v. *Sidney B. Pfeifer Foundation, Inc.,* 9 Mass. App. Ct.
412, 440 (1980).  The burden of proving undue influence by a
preponderance of the evidence rests on the party so alleging. *Cereghino* v.
*Giannone,* 247 Mass. 319 (1924). *Viens* v. *Viens,* 302 Mass. 366 (1939).
Undue influence is "whatever destroys free agency and constrains the person
whose act is under review to do that which is contrary to his own untram-
meled desire." *Neill* v. *Brackett,* 234 Mass. 367, 369 (1920). See also *Miles*
v. *Caples,* 362 Mass. 107 (1972). Mere suspicion is not enough to warrant a
finding of undue influence. "There must be a solid foundation of established
facts upon which to rest an inference of its existence." *Neill* v. *Brackett,*
*supra* at 370.  See also *New England Merchants Natl. Bank* v. *Mahoney,*
356 Mass. 654, 657-658 (1970).  Even though the judge found that the
plaintiff was of "advanced age" and was not represented by her own at-
torney in the transaction, there was no evidence to warrant the conclusion
that Robert exercised any influence on the plaintiff or otherwise exploited
her advanced age in the conveyance of the property.

---

[1] Doris E. Bruno.

The plaintiff argues that, because of the special nature of the relationship between the plaintiff and her nephew, he owed her a greater duty of care in order to insure that she understood the consequences of her act. This argument must fail. Apart from the narrow circumstances where a fiduciary relationship is implied as a matter of law, whether a relationship of trust and confidence exists in a question of fact. *Markell* v. *Sidney B. Pfeifer Foundation, Inc.,* *supra* at 443. Whether such a relationship exists, "may be found on evidence indicating that one person is in fact dependent on another's judgment in business affairs or property matters." *Id.* at 444. "Such a relationship does not arise merely by reason of family ties." *Id.* See *Samia* v. *Central Oil Co.,* 339 Mass. 101, 112 (1959); *Meskell* v. *Meskell,* 355 Mass. 148, 151-152 (1969). There is no evidence indicating that the plaintiff was dependent on her nephew's judgment in her business affairs. Nor was there any evidence of such dependency in her personal affairs. Accordingly, we conclude, contrary to the judge's ruling, that the plaintiff's advanced age alone, without any showing of such dependency, could not have given rise to an extraordinary duty of care on the part of Robert.

The judgment is reversed. A new judgment is to be entered dismissing the action and the counterclaim. Neither party shall have the costs of appeal.

*So ordered.*

*Joseph C. Cove* for the defendants.
*C. A. Peairs* (*Adele E. Moroney* with him) for the plaintiff.