Mary C. **SALES, Individually and as Administratrix of the Estate of Nassar J. Yazback, and Frederick J. YAZBACK, Plaintiffs**

v.

**Daniel P. DAVID, Individually and as Administrator of the Estate of Josephine David,[1] Defendant**

No. 123153

Superior Court
Commonwealth of Massachusetts

**June 4, 1981**

---

[1] Josephine David, Daniel P. David's sister, was originally named as a defendant in the complaint. She has since died and this Court allowed the plaintiff's motion to substitute Daniel P. David, administrator of the estate of Joseph David, as a defendant.

**David C. Ahearn, Elliot J. Mahler,** counsel for the plaintiff

**Edward F. Harrington,** counsel for the defendant

## BACKGROUND

The plaintiffs Mary C. Sales and Frederick Yazback, brother of Nassar J. Yazback, claim that the defendants obtained property from one Nassar J. Yazback ("Nassar") through fraud, and undue influence. Their complaint sets out several transactions which occurred between Nassar and the defendants, and by way of relief request:

(1) a judgment declaring the defendants to be constructive trustees of any and all property and money received by them for Nassar;

(2) an accounting;

(3) an order that the defendants reconvey such property and money; and

(4) an order prohibiting the transfer of any such property in the defendant's possession.

The plaintiffs, in their motion for partial summary judgment, claim that there are no genuine material issues of fact with respect to one transaction which occurred between Nassar and the defendants, and that they are entitled to judgment as a matter of law with respect thereto. The transaction in question involves the conveyance of three parcels of land situated in Foxboro, Massachusetts. On January 2, 1968, Nassar deeded those parcels, then owned by him, to Josephine David for consideration of one dollar and love and affection. The deed, drafted by the defendant Daneil P. David, an attorney, was executed by Nassar and notarized in Attorney David's office. It is undisputed that Nassar and Daniel P. David had a long standing friendship, dating from 1944 or earlier. It is also undisputed that Daniel P. David provided legal services to Nassar on many occasions. However, the extent of the services rendered is in issue.[2]

## Rulings and Memorandum of Decision

The plaintiffs rely on the case of

[2] Daniel P. David denies that he was the family attorney for the Yazbacks. See Complaint, P. 3.

Markell v. Sidney P. Pfeifer Foundation, Inc., Mass.App.Ct.Adv.Sh. (1980) 557 to support their motion for partial summary judgment. In **Markell,** the Court set out the standard of review to be applied in examining a transaction between an attorney and a client where the attorney or a member of his family benefited as follows:

> "(I)f an attorney or member of his family is personally advantaged by a transaction with his client, the transaction is presumptively improper and voidable: the burden is on the attorney to prove that the transaction was fully understood by the client, that he attempted to have the client obtain independent advice and that, if the client declined to receive independent advice, the attorney gave him forthrightly disinterested advice as to any aspect of the transaction which was arguably against the client's best interests." **Id.** at 587.

The plaintiffs refer to several portions of the transcript of Daniel P. David's deposition claiming that a close examination of David's responses reveals that he has not met his burden of proof with respect to this conveyance to his sister Josephine. (See Exhibits B-E, attached to the plaintiffs' memorandum in support of their motion for partial summary judgment). A review of the transcript indicates that Daniel P. David did not attempt to have Nassar obtain legal advice and did not advise him of certain tax ramifications of the transaction. If this Court were to apply the standard set out in **Markell** without consideration of co-related principles of law, the plaintiffs would be entitled to summary judgment. However, the **Markell** decision teaches that courts should not always apply this "presumption of impropriety" standard to transactions between attorneys and

their clients.[3] The Court in **Markell** referred to the line of cases which distinguished between situations where family ties or close friendships exist between the attorney and his or her client, and those situations where the attorney's fiduciary status is not complicated by such ties. **Markell** at 587-588, citing to **Tarr v. Vivian,** 272 Mass. 150, 153 (1930), **Slater v. Munroe,** 316 Mass. 129, 132 (1944), **Reilly v. McAuliffe,** 331 Mass. 144, 147 (1954). The rationale for such a distinction is that, in the case of an exclusively fiduciary relationship, it can be reasonably presumed that the relationship influenced the transaction. However, "where there is also a relationship of family or friendship, gifts or other acts of generosity are natural and to be expected." **Markell** at 588. **Smith v. Smith,** 222 Mass. 102, 106 (1915). The reason for the presumption of impropriety in such situations no longer exists. In such a situation it becomes a question of fact as to whether fiduciary responsibilities were violated in the transaction. **Cann v. Barry,** 293 Mass. 313, 316 (1936); **Hayes v. Moulton,** 194 Mass. 157, 165 (1907).

Applying the above-stated principles to the facts of this case, it is clear that there exist genuine issues of material fact with respect to the nature of the relationship between Daniel P. David and Nassar. Their friendship over twenty-four years may well dissolve the presumption of impropriety with respect to the transaction in question. If so, the relationship should be examined to

---

[3]In fact, in **Markell,** the Court did not impose liability on the defendant attorney on the basis of the "presumption of impropriety" standard. In **Markell,** the attorney, who was the next-of-kin of the settlor of a trust, drafted the trust with no power of revocation. The Court decided that the presumption of impropriety did not apply and imposed liability on the basis that the evidence did, in fact, indicate that the settlor was dependent on the defendant's judgment and had the utmost confidence and trust in him. **Markell** at 589.

determine whether, in fact, Nassar and Daniel P. David were involved in a relationship of trust and confidence, the obligations of which were breached when Daniel P. David participated in the conveyance of property to his sister Josephine. In any event, the relevant factors must be considered by the trier of fact to determine the nature of the relationship and the transaction which flowed from it.

**Order**

Accordingly, the plaintiffs' motion for partial summary judgment is DENIED.

By the Court.
Paul G. Garrity
Justice of the
Superior Court