MARY E. L. D. FALK *vs.* HELENA E. FALK & others.

Suffolk.    April 4, 1932. — June 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Alienation of Affections. Joint Tortfeasor. Parent and Child. Husband and Wife. Evidence, Competency, Private conversation between husband and wife, Opinion. Practice, Civil, Exceptions.*

The mere fact that, in an action of tort by a wife against four defendants for alienation of the affections of the plaintiff's husband, a verdict for three of the defendants was ordered, did not require that a verdict for the fourth defendant, the husband's mother, also be ordered, if there was evidence to sustain a verdict for the plaintiff against her.

A parent or friend, acting for what he thinks is the advantage of a married person, may advise leaving the other party to the marriage and may assist in such a separation without incurring liability in tort to such other party; but, if the advice or assistance is given with intent to harm such other party and for that purpose, liability exists. Per WAIT, J.

In the action above described, there was evidence of animosity toward the plaintiff from which the jury could find that element of intent to injure her which was essential to liability of the defendant mother and which, with other evidence, warranted a verdict for the plaintiff.

At the trial of the action above described, evidence of the place of marriage of the plaintiff and her husband properly was admitted.

The defendant mother, to show that in what she said and did she was acting without intent to injure the plaintiff and solely out of regard for what she believed to be the best interests of her son, was not en-

titled to introduce in evidence a private conversation between the husband and wife, the introduction of which is forbidden by G. L. c. 233, § 20, First, nor evidence as to the opinion of witnesses in regard to the meaning of words used by the defendant mother nor evidence as to her emotional state when so speaking.

TORT, as amended, against Frederick P. Falk, Sr., Helena E. Falk, Max Stolpner and Clara Stolpner. Writ dated March 13, 1922.

In the Superior Court, the action was tried before *Pinanski*, J. Material evidence and exceptions saved by the defendant Helena E. Falk are stated in the opinion. Frederick P. Falk, Sr., died before trial. A verdict was ordered for all defendants excepting Helena E. Falk against whom there was a verdict for the plaintiff in the sum of $2,900. The defendant Helena E. Falk alleged exceptions.

*J. E. O'Connell*, (*J. H. Seaman* with him,) for the defendant Helena E. Falk.

*W. P. Murray*, for the plaintiff.

WAIT, J. The plaintiff brought suit against the father, mother, uncle and aunt of her former husband, alleging that contriving and wrongfully intending to injure her and to deprive her of the comfort, society, support, aid and assistance of her husband, they unlawfully and unjustly gained his affection and confidence, and persuaded, procured and enticed him to leave her house and continue absent, whereby she was damaged. The father has died. The trial judge directed verdicts in favor of the uncle and aunt. A jury found for the plaintiff against the mother. The case is before us upon exceptions claimed to the refusal of the judge to direct a verdict for this defendant, and to certain rulings with regard to evidence.

There is no merit in the exceptions. There is nothing in the defendant's contention that she is entitled to a directed verdict in her favor because verdicts were directed for the other defendants. The gist of the action is not conspiracy. Four individuals are sued for a tort. A verdict can properly be found against one alone, if the others are not shown to be liable.

There was evidence of animosity toward the plaintiff from

which the jury could find that element of intent to injure her which was essential to liability. A parent or friend, acting for what either thinks is for the advantage of the child or person advised, may advise leaving a spouse and assist in a separation without liability in tort; but, if the advice or assistance is given with intent to harm the other party to the marriage and for that purpose, liability exists. *Tasker* v. *Stanley*, 153 Mass. 148. *Multer* v. *Knibbs*, 193 Mass. 556. *Geromini* v. *Brunelle*, 214 Mass. 492. *Longe* v. *Saunders*, 246 Mass. 159.

Evidence of marriage was essential to the plaintiff's case. There was no error in admitting evidence with regard to the place of marriage. The defendant was entitled to show that in what she said and did she was acting without intent to injure the plaintiff and solely out of regard for what she believed to be the best interests of her son. *Lanigan* v. *Lanigan*, 222 Mass. 198. Nevertheless, this did not justify introduction of private conversation between husband and wife, forbidden by G. L. c. 233, § 20, First, nor of opinion of witnesses in regard to the meaning of words used by the defendant, or to her emotional state when so speaking. Further, it did not do away with the rule that no exception to the exclusion of evidence will be sustained unless the bill of exceptions shows what answer was expected so that we may decide whether prejudice resulted from the ruling. For one or other of these reasons, the exceptions to the rulings on evidence must be overruled. Detailed discussion is not needed.

*Exceptions overruled.*