HENRY WARE & another *vs.* CHARLOTTE A. MORTON & others.

Plymouth.    December 6, 1933. — October 23, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Probate Court,* Jury issues. *Will,* Validity. *Unsound Mind. Undue Influence.*

Issues for trial by jury are not to be framed, in a probate court, upon motion by one contesting the proof of a will, merely because the contestant offers evidence enough to warrant a verdict in his favor and to prevent the ordering of a verdict against him, nor are they to be denied merely because the judge of probate thinks that the weight of the evidence offered upon the motion is against the contestant: the rule governing the framing of such issues is, whether the evidence offered presents a real and true question of fact to be tried, supported by evidence of a substantial nature and giving ground for a reasonable expectation of a result favorable to the party requesting the framing of issues. Per LUMMUS, J.

Evidence offered in statements of counsel upon the hearing of a motion in a probate court for the framing of an issue, whether a will of a woman was procured to be made through undue influence exercised by a woman osteopathic practitioner and by another woman who had been a protégée of the decedent for many years, was that the decedent

died at the age of seventy-nine years, about eight months after the will was made; that when the will was made the physician had known her intimately for nearly twenty years, had lived with her for four years and had furnished her care and companionship; that the physician and the woman protégée were closer to the decedent than any of the contestants; that the physician was a beneficiary in each of a series of wills covering fifteen years and the protégée was named in some of them; and that some of the contestants, who were cousins, were named in such wills until the last one, the one offered for probate, which was drawn in 1932, when it was disclosed that the.estate had shrunk in value; and that certain grandsons of a cousin were beneficiaries in all the wills. The motion was denied. On appeal, it was *held*, that no error in the denial was shown, the evidence of undue influence hardly amounting to more than evidence of opportunity to exercise influence.

Upon a motion by the same contestants for an issue as to the soundness of mind of the decedent, it appeared that, when in good health, she was a woman of intelligence, cultivation and strength of mind. The contestants offered to show that for a number of years preceding three years before the will offered for probate was made she was suffering from paralysis agitans, popularly called Parkinson's disease, and a sclerotic condition; that before her death and before that will was executed she was suffering from angina pectoris, cerebral arteriosclerosis and hypertension; that a drug called hyoscine hydrobromide was administered regularly to control the tremor; and that this caused temporary mental confusion. Evidence also was offered that not until three or four months after the will was made did the decedent show mental deterioration constantly and independently of drugs. The motion was denied. *Held*, that there was no substantial evidence that at the time the will was made the decedent lacked testamentary capacity, and the motion properly was denied.

PETITION, filed in the Probate Court for the county of Plymouth on February 16, 1933, for proof of the will of Margaret Bradford Morton, late of Plymouth.

Seventeen next of kin were named in the petition. Of these, eight opposed the petition and filed the motion described in the opinion.

The motion was heard by *L. E. Chamberlain*, J., and was denied. The contestants appealed.

*F. H. Chase*, for certain respondents.

*R. G. Dodge*, for the petitioners.

LUMMUS, J. This is an appeal by contestants of an instrument presented for probate as the last will of Margaret Bradford Morton, from the denial of their motion to frame issues for trial by jury as to soundness of mind and as to

undue influence exercised by Edith Stobo Cave and Julia Jacobs FitzGerald. The decedent died February 8, 1933, at a hotel in Boston, at the age of seventy-nine, leaving neither husband nor children. The contestants, with the exception of one first cousin once removed living in Plymouth, are the descendants of Howard Morton, a first cousin, who moved to Kansas in 1866, but whose children living in the west kept up their relations with the decedent and sometimes visited her. The matter was presented to the Probate Court, as is customary, upon statements by counsel.

Issues are not framed merely because the contestants offer evidence enough to warrant a verdict in their favor and to prevent the direction of a verdict against them. Neither are issues denied merely because the court thinks that the weight of the evidence is against the contestants. The rule governing the framing of issues has recently been restated in *Cranston* v. *Hallock*, 281 Mass. 182, *Smith* v. *Patterson*, 286 Mass. 356, and *Terry* v. *King*, 286 Mass. 598, and needs no repetition.

The will offered for probate, dated June 13, 1932, gave the family homestead in Plymouth to Morton Kyle and Ralph Morton Diaz, each a grandson of a cousin of the decedent, and gave each of them $10,000 in addition. It gave all tangible personal property to Dr. Edith Stobo Cave, apparently in the expectation that she would distribute it in accordance with the wishes of the decedent. The residue is given in equal shares to Dr. Cave and Mrs. FitzGerald, already mentioned.

No attempt will be made to marshal all the facts contained in the statements of counsel. Dr. Cave is an osteopathic practitioner who had known the decedent intimately since 1912 or 1915, and since 1928 had lived with her and had furnished her care and companionship. Mrs. FitzGerald had been a protégée of the decedent for many years. The decedent took her abroad in 1911. She became estranged from the decedent in 1922, but as early as 1929 the old intimacy was resumed. None of the contestants was as close to the decedent as the two residuary legatees named.

A series of wills, beginning in 1917, drawn by eminent counsel, shows considerable stability of purpose on the part

of the decedent. Dr. Cave is a leading beneficiary in all of them. Some of them appear more favorable to her than the will in question. In a letter to counsel relating to the drafting of a will in 1926, the decedent stated that her primary purpose was to care for Dr. Cave. Morton Kyle and Ralph Morton Diaz were devisees of the homestead in most of the wills. Mrs. FitzGerald was given a share of the income of the residuary estate in the first will, and reappeared as a legatee in the later wills, after the reconciliation. Some of the contestants were remembered in the earlier wills. But by 1932 the estate, which had been much larger, had fallen off to $150,000 in value, with an income of about $13,000 a year, and the contestants were omitted from the will of that year.

The evidence of undue influence hardly amounts to more than evidence of opportunity to exercise influence. *Johnson* v. *Loring*, 267 Mass. 310.

As to mental capacity, there can be no doubt that the decedent, when in good health, was a woman of intelligence, cultivation and strength of mind. The first definite indication of disease is this statement of counsel for the contestants: "For a number of years before 1929 she was suffering from paralysis agitans, popularly called Parkinson's disease, and a sclerotic condition. . . . Before her death and before this instrument was executed she was suffering from angina pectoris, cerebral arteriosclerosis and hypertension." A drug called hyoscine hydrobromide was administered regularly to control the tremor, and this caused temporary mental confusion. Not until September or October, 1932, did the decedent show mental deterioration constantly and independently of drugs. In the opinion of a majority of the court, there is no substantial evidence that at the time of the execution of the will on June 13, 1932, the decedent lacked mental capacity as defined in *Daly* v. *Hussey*, 275 Mass. 28, and *Wellman* v. *Carter*, 286 Mass. 237.

*Order denying motion for issues affirmed.*