JOHN ORRIN JEWETT & another [1] *vs.* FRANK E. DOW & others, trustees.

Worcester.   September 26, 1955. — November 4, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Contributory, Swimming pool.   *Evidence*, Cumulative evidence.   *Practice, Civil*, Question to jury.

An exception to the admission of evidence which is merely cumulative of evidence already admitted without objection must be overruled.   [190]
On the pleadings and evidence in an action for personal injuries sustained by a boy through striking the bottom of a swimming pool upon diving into shallow water, there was no error in submitting to the jury special questions, which they answered in the affirmative, as to whether the plaintiff was "negligent in diving into the pool" and whether certain conditions there were "so obvious that a person of ordinary intelligence would readily sense the likelihood of impending harm if he dove into the pool in the manner the plaintiff . . . testified he dove."   [190–191]

TORT.   Writ in the Superior Court dated January 8, 1948.
The action was tried before *Meagher*, J.

*Thomas S. Carey*, for the plaintiffs, submitted a brief.
*Stanley B. Milton*, (*Robert C. Milton* with him,) for the defendants.

COUNIHAN, J.   This is an action of tort in which John Orrin Jewett, a minor, hereinafter called the plaintiff, seeks to recover damages for personal injuries and his mother seeks to recover consequential damages, as a result of an accident on June 26, 1947, in a swimming pool in the Frank Newhall Look Memorial Park in Northampton, hereinafter called the park.   This pool was owned and controlled by the defendants as trustees under an indenture of trust duly recorded in the registry of deeds for the county of Hampshire.

The answer of the defendants sets up several matters but the one which we consider material is that which alleges

---

[1] Margaret Jewett, mother of the plaintiff.

that "the injuries and damages alleged were caused in whole or in part by the plaintiff John Orrin Jewett's own negligence." This is in effect an allegation of contributory negligence and if sustained bars the plaintiffs from recovery. The action was tried to a jury who found for the defendants. It comes here upon a consolidated bill of exceptions of the plaintiffs and the defendants.

At the conclusion of the evidence and the judge's charge, the judge submitted eight questions to the jury who made answers to them when they returned their verdicts. The plaintiffs duly took exceptions to the submission of all of these questions to the jury.

The only exceptions to these questions which we deem necessary to discuss are those to the first two questions which appear as follows: (1) "Was the plaintiff John [Orrin] Jewett negligent in diving into the pool on June 26, 1947?" The jury answered "Yes." (2) "Was the condition of the depth of the water and the distance from the edge of the pool to the bottom so obvious that a person of ordinary intelligence would readily sense the likelihood of impending harm if he dove into the pool in the manner the plaintiff John [Orrin] Jewett testified he dove on June 26, 1947?" The jury answered "Yes." The plaintiffs also took exceptions to that part of the judge's charge which dealt with contributory negligence of the plaintiff and to the admission of the answer to a question put on cross-examination to an expert witness called by the plaintiffs.

The plaintiffs alleged many other exceptions which they argue at length in their brief. Because of what we hereinafter say about the exceptions already specifically referred to we do not consider other exceptions of the plaintiffs. There was no error. The defendants excepted to the denial of their motions for directed verdicts. In their brief they agree that their exceptions are to be waived if the plaintiffs' exceptions are not sustained. We therefore do not consider them.

The essential facts are not in dispute and may be summarized as follows: At the time of the accident the plain-

tiff was about sixteen years old. On that day he went to
the park where the defendants operated a swimming pool
which was one hundred fifty feet long and seventy-five
feet wide. The water in the pool was of various depths
ranging from three feet to nine and one half feet. At the
ends of the pool and on one side of the length of the pool,
the water was three feet deep. The bottom of the pool was
concrete and it was painted a light blue color. The edge or
curb of the pool was painted red and dark maroon, and on
it in aluminum paint were figures indicating the depths of
the water in the pool at different places. The edge or curb
was twelve and one half inches above the top of the water
in the pool. The day of the accident was "hot, sunny."
The plaintiff with another boy, about the same age, went
to the entrance to the pool where they rented a locker for
forty-five or fifty cents apiece. There they changed into
bathing suits and went to that side of the pool where the
water was only three feet deep along the length of it. As
the plaintiff stood on that side of the pool the entire area
of it was within his observation. He could see diving boards
on the opposite side and persons using them. While he
was standing there his friend dove in. About a minute
later the plaintiff dove in and his nose and forehead struck
the bottom of the pool "head on" and he was injured. He
was not an expert swimmer. The plaintiff testified that he
knew the distinction between a shallow dive and a deep
dive but that he did not notice the character of the dive
he made. He noticed children swimming in the pool in
front of him as he stood at the edge of the pool and their
bodies were partly out of the water.

A witness for the plaintiffs, who qualified as an expert in
the art of swimming and diving, testified in direct exami-
nation that in his opinion it was unsafe for an inexperienced
swimmer to dive into a pool from a curb twelve and one
half inches above the water at a point where the water was
only two and one half to three feet deep. In cross-exami-
nation the following questions were put to him: "Q. Well,
now, a person who is about to go into water should exercise

some observation as to the depth of the water before they dive in it, shouldn't they? A. That's right, sir. Q. And a person should make observations as to the surroundings when he goes into the water, the surroundings in reference to the water? A. That's right, sir. Q. Is that right? In other words, a person, to be careful, should look and see what the depth of the water is before he dives?" After objection and exception to this last question the judge permitted it to be asked and the witness answered, "That's right. But it's almost an impossibility to determine."

Plainly the question objected to brought out evidence which was merely cumulative. The two prior questions which were not objected to set out the same matters and resulted in the same sort of answers which the witness was expected to give and did give to the question objected to. "The admission or exclusion of merely cumulative evidence, that adds nothing to evidence already in the case, does not require the sustaining of exceptions, even though there was technical error." *Bendett* v. *Bendett*, 315 Mass. 59, 65–66, and cases cited. *Ross* v. *Nourse*, 330 Mass. 666, 672. We do not, however, mean to imply that there was technical error in the admission of the answer to the question which was objected to.

There is no merit in the exceptions of the plaintiffs to the questions submitted to the jury, particularly to the first and second questions with which we are concerned. "It is a well recognized part of our trial practice that a judge in his discretion may submit special questions to a jury, and no valid exception lies to the exercise of that power." *Hinckley* v. *Capital Motor Transportation Co. Inc.* 321 Mass. 174, 178, and cases cited. Moreover such a practice is sanctioned by G. L. (Ter. Ed.) c. 231, § 124. The plaintiffs argue that the judge erred in submitting these questions to the jury because they did not correctly state principles of law applicable to the issues of the case. We are concerned with only the first two questions which bore upon contributory negligence of the plaintiff and the answers of the jury appear to be decisive of this action. They

involved no questions of law but only sought factual information upon which the judge, or the jury under proper instructions of the judge, could determine whether or not the plaintiffs were entitled to recover.

We are likewise of opinion that there was no error in that part of the charge concerning contributory negligence of the plaintiff. The charge of the judge was full, adequate, and entirely accurate. Indeed it contained almost verbatim the language of § 283 and comment e of the Restatement of the Law of Torts, particularly as it relates to contributory negligence of children in accident cases.

Because the jury found, as indicated by their answers, that the plaintiff was guilty of contributory negligence, the plaintiffs were barred from recovery and the verdicts of the jury were warranted.

*Plaintiffs' exceptions overruled.*
*Defendants' exceptions dismissed.*