JOHN DEACY *vs.* CHARLES CONSTRUCTION CO., INC. & others.[1]

Essex.     October 9, 1968. — November 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Easement. Way,* Private: creation.

Where it appeared that a parcel of land fronted on a public way and was bounded at the rear by the east "line" of a north-south passage-way, and had an appurtenant right of way over the passageway, that a former east-west passageway, in existence at the time of the original conveyance of the parcel, began at the west line of the north-south passageway and extended westerly a short distance, but did not connect with any public way and was not necessary to the enjoyment of the parcel, that the original deed of the parcel did not mention any passageway other than the north-south passageway, and that the owner of the parcel had used municipal sewer lines formerly laid along the axis of the former east-west passageway, it was held that the owner did not have a right of way in the former east-west passageway by implied grant under the original deed or by virtue of his use of such sewer lines.

[1] Greater Lawrence Young Women's Christian Association (YWCA) and Lawrence Redevelopment Authority.

BILL IN EQUITY filed in the Superior Court on May 27, 1966.

The suit was heard on a master's report by *Thompson, J.*

*John C. Reardon* for the plaintiff.

*Edward F. Cregg* for Greater Lawrence Young Women's Christian Association.

KIRK, J. The plaintiff Deacy seeks to enjoin the defendants from interfering with his alleged rights in a "common passageway," later to be described, at the rear of a parcel of land owned by him at 32 Lawrence Street, Lawrence. The case was referred to a master whose report was confirmed by an interlocutory decree from which no appeal was taken. With the case in this posture the only question before us on appeal from the final decree is whether the findings, which are not inconsistent or plainly wrong, support the decree. *Madigan* v. *McCann*, 346 Mass. 62, 64, and cases cited.

We summarize the pertinent findings.[2] Deacy is the owner of a parcel of land in Lawrence occupied entirely by a brick building numbered 32 Lawrence Street. In 1851 the block in which the Deacy parcel is located was owned in most part by the Essex Company. The block is bounded on the north by Valley Street, on the east by Lawrence Street, on the south by Common Street and on the west by Amesbury Street. Title to the Deacy parcel [1] is traced back through his father to an original deed in 1851 by the Essex Company to one Atkinson. The original deed and all intermediate deeds define the west boundary of the Deacy parcel as follows: "Westerly seventy-five feet by the easterly line of a passageway." There was no plan, and no reference was made to any plan showing the passageway [X]. The passageway is fourteen feet wide. In 1851 it extended from Valley Street on the north to Common Street on the south. Since 1869, that portion of the passageway [X'] which lies north of the north boundary of the Deacy parcel has been

---

[2] The master appended to his report a sketch of the locus which with some modifications is reproduced with this opinion. Letters or numbers in brackets in the text refer to features marked on the sketch.

closed.   The present building north of the Deacy parcel was built in 1932 and has been and is occupied by the YWCA [2].

None of the deeds in the Deacy chain of title refers to any passageway other than the north-south passageway already described.   However, there was in 1847 a short passageway

[Y] which ran east-west and was roughly perpendicular to and intersected the north-south passageway midway on the west boundary of the Deacy parcel. The east-west passageway [Y] was approximately twenty-eight feet long. It served to define the south boundary of other premises conveyed by the Essex Company to one Davis and one Bartlett in 1847. It did not connect and was not intended to connect directly with any public way. At least as early as 1932 and until 1956 there was a passageway [Y'] fourteen feet wide which extended east-west on the same axis from the north-south passageway to Amesbury Street. It ran between the rears of the buildings which fronted respectively on Valley and Common streets. During the period 1932–1956 Deacy and others used this east-west passageway [Y–Y'] for deliveries and other purposes.

By successive deeds commencing in 1956, title to all of the land west of the north-south passageway and the 1932 YWCA building [3, 4, 5, 6], including title to the east-west passageway, was acquired by persons not parties to this litigation. The buildings were razed and the premises were enclosed for use as a parking lot. A three-foot opening in the fence at the east end of the parking lot permitted access on foot from the parking lot to the north-south passageway at the rear of Deacy's building. This opening [A] was not directly on the line of the former east-west passageway.

In 1965, the YWCA purchased from the parking lot owners land [3, 4] extending from Valley Street to Common Street abutting on its 1932 parcel and on the north-south passageway for the purpose of adding an auditorium, gymnasium and swimming pool to the existing facilities. The defendant Charles Construction Co., Inc. was engaged to do the work of demolition and construction. The three-foot opening [A] to the west from the north-south passageway has been closed. The construction work has required the relocation of a municipal sewer line serving the Deacy premises which since 1865 has generally followed the axes of the two passageways. The necessary excavations along the north-south passageway have caused some inconvenience

but no damage to Deacy. The new facilities, under construction, will occupy approximately eight feet on the north side of the former east-west passageway.

Title to the north-south passageway [X] is in the Lawrence Redevelopment Authority by virtue of a deed from the Essex Company dated December 10, 1959, which conveyed to the Authority, inter alia, "all of its right, title and interest, in a parcel of land, and especially in any and all passageways, alleyways and/or streets located within an area" which includes the block bounded by Valley, Lawrence, Common and Amesbury streets.

Based on the master's findings the judge entered a decree defining the boundaries of the aggregation of land now owned by the YWCA and declaring that the lands so bounded were owned by the YWCA "free of any right of passage or other right or interest in the . . . [plaintiff] John Deacy." The bill was otherwise dismissed with costs. The decree did not affect Deacy's right to use the north-south passageway. It implicitly denied his claim of right to the use of the east-west passageway.

The findings support the decree and the decree was right.

It is not disputed that Deacy has rights of passage in the north-south passageway as it presently exists. *Casella* v. *Sneierson*, 325 Mass. 85, 88–89, 90, and cases cited.

The dispute centers on whether Deacy had rights of passage in the former east-west passageway. Deacy appears to contend that the two passageways were in fact one T-shaped passageway which was in existence at the time of the conveyance to Atkinson in 1851 and that the east-west passageway is subject to the same easements as the north-south passageway. The contention fails. The east-west passageway did not bound the property conveyed to Atkinson. It is not mentioned in the grant. It was a short passageway which at the time of the grant led to no public way to the west. It was not necessary for the enjoyment of the land conveyed to Atkinson. The rule is clear: "[A] grant by implication of an onerous servitude upon other land of the grantor, not necessary for the enjoyment of the land

conveyed, is not to be presumed unless such is clearly the intention of the parties." *Regan* v. *Boston Gas Light Co.* 137 Mass. 37, 43. *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.* 254 Mass. 350, 354. The master correctly concluded that there was no clear intention of the Essex Company to convey or of Atkinson to receive a right of passage in the east-west passageway. Deacy apparently contends that his use of sewer lines laid in 1865 along the axis of the former east-west passageway is some evidence of his rights in that passageway. This contention also fails. The master found that the sewer lines were part of the municipal sewer system. Thus, Deacy could acquire no rights in the passageway through his use of the sewer lines.

It is unnecessary to discuss laches. The final decree is affirmed with costs.

*So ordered.*