RICHARD M. SLETTERINK *vs.* MADELINE M. ROONEY & others. March 7, 1973. Four contestants have appealed from a decree of a Probate Court allowing a certain instrument as the will of Harold E. McDonough. The evidence is reported, but there are no findings. "Since the ... [contestants] did not exercise ... [their] privilege of requesting a report of material facts under G. L. c. 215, § 11, and no voluntary findings of fact were made, the decision of the judge must be affirmed if it can be supported on any legal principal and was not, in our view of the evidence, plainly wrong." *Duchesneau* v. *Jaskoviak,* 360 Mass. 730, 732. We have carefully reviewed the evidence on the issues of due execution, undue influence and testamentary capacity in the light of the burden of proof applicable to each such issue (see *Tarricone* v. *Cummings,* 340 Mass. 758, 761-762, and cases cited) and cannot say that any of the findings implicit in the entry of the decree was wrong. The medical evidence to the effect that by reason of arteriosclerosis the decedent had been intermittently confused (but only infrequently disoriented) for several years prior to the execution of the will did not require the court to reject the testimony of the lawyer who drew the will (but was given nothing under it) or of the other two attesting witnesses to the effect that the decedent had the necessary capacity to make a will at the time of its execution. See *Daly* v. *Hussey,* 275 Mass. 28, 29; *Ware* v. *Morton,* 288 Mass. 107, 110. Cf. *Morin* v. *Morin,* 328 Mass. 33, 35-36. The decree is affirmed, with counsel fees and expenses on appeal to be in the discretion of the Probate Court.

*So ordered.*
*Paul F. X. Powers* for the contestants.
*David J. Fenton (Francis K. Monarski* with him) for the proponent.