OLD DOVER TAVERN, INC. & another *vs.* SHAVASH K. AMERSHADI-AN. October 30, 1974. The plaintiffs, as lessees of certain premises of the defendant under a lease providing that the "premises are to be used for the sole purpose of conducting therein a business under the style and trade name of 'Old Dover Tavern, Inc.,' engaging in the serving and selling [of] cigars, tobacco and all kinds of drinks and beverages of any name, nature and description," brought this bill in equity for a determination of whether their lease gave them the right to sell "foodstuffs that are incidental to the sale of beverages" and for injunctive relief, and appeal from a final decree of the Superior Court which declared in substance that they had no such right and enjoined them from making such sales. The presence of the word "[t]avern" in the quoted lease provision adds nothing to the meaning of that provision for our purposes, as a tavern is statutorily defined to be a place where alcoholic beverages may be served "with or without food." G. L. c. 138, § 1. In essence, then, the premises "are to be used for the *sole* purpose of . . . serving and selling cigars, tobacco and all kinds of drinks and beverages" (emphasis supplied), and for no other purpose. Compare *O'Brien* v. *Boston & Maine R.R.* 325 Mass. 451, 453-454 (1950). The plaintiffs do not claim the right to operate a full-scale restaurant on the premises but would have us hold only that the sale of "cold foods" (e.g., sandwiches) is permissible, apparently on the theory that the sale of "cold foods" is (in the words of their bill) "incidental to the sale of beverages". Assuming (without deciding) that the lease allows the sale of "incidental" foods, we know of no reason in law or logic (and none has been suggested to us) for classifying foods as "incidental to the sale of beverages" on the basis

of the temperature at which the food is served. We conclude that a cold sandwich is no more "incidental" to such a sale than a hot one, and that the sale of both types of sandwiches is prohibited by the lease. There is no merit in the plaintiffs' contentions as to the circumstances surrounding the execution of the lease and the conduct of the parties thereafter, as those contentions are based on "facts" asserted in their brief which are unsupported (and in some instances contradicted) by the findings of the master to whom the case was referred. Contrast *Robert Indus. Inc.* v. *Spence,* 362 Mass. 751, 753-756 (1973). No appeal having been taken from the interlocutory decree confirming the master's report, his findings, which are not inconsistent or plainly wrong, are "conclusive between the parties." *Lupien* v. *First Fed. Sav. & Loan Assn.* 351 Mass. 311, 314 (1966). *Deacy* v. *Charles Constr. Co. Inc.* 354 Mass. 675, 676 (1968). The "plaintiffs' exception" to the interlocutory decree brings nothing before us as no bill of exceptions was allowed or even filed. *DeCanio* v. *School Comm. of Boston,* 358 Mass. 116, 119 (1970), app. dism. and cert. den. sub nom. *Fenton* v. *School Comm. of Boston,* 401 U. S. 929 (1971).

*Final decree affirmed.*

*Frederick T. Golder* for the plaintiffs.
*Manuel Z. Sherman* for the defendant.