JOHN H. MONTGOMERY JR., *vs.* HERBERT VON METZLER & others. November 11, 1974. This is an appeal from the allowance of an instrument offered for probate as the will of the decedent. The proponent, the named executor, is the attorney who drew the will, supervised its execution and was one of the attesting witnesses. The

contestants claim that the proponent failed to sustain his burden of proving testamentary capacity (see *Duchesneau* v. *Jaskoviak*, 360 Mass. 730, 732-733 [1972]) and that certain evidence offered by the contestants was erroneously excluded. Since the contestants failed to request a report of material facts and no voluntary findings were made by the probate judge, his 'implied finding of testamentary capacity must be sustained unless, in our view of the evidence, which is reported, that finding was plainly wrong. *Ibid.* *Sletternik* v. *Rooney,* 1 Mass. App. Ct. 809 (1973). From our review of the evidence we conclude that the judge was not plainly wrong in finding that the requisites of testamentary capacity were sufficiently established. See *Tarricone* v. *Cummings,* 340 Mass. 758, 761 (1960), and cases cited. Medical and other evidence of the decedent's excessive drinking and eccentric behavior at times other than when the instrument was executed (see *O'Brien* v. *Collins,* 315 Mass. 429, 435 [1944]; compare *Wellman* v. *Carter,* 286 Mass. 237, 246, 247 [1934]) did not require that the judge reject the testimony of the proponent and the other two attesting witnesses that the decedent had the necessary capacity at the time of its execution. *O'Brien* v. *Wellesley College,* 346 Mass. 162, 170-171 (1963). *Sletternick* v. *Rooney, supra.* The evidentiary rulings of the judge are not shown to have been prejudicial to the contestants. The excluded evidence, sought in each instance to be introduced through the contestants' witnesses, was either merely cumulative (*Bendett* v. *Bendett,* 315 Mass. 59, 65-66 [1943]; *Ross* v. *Nourse,* 330 Mass. 666, 672 [1953]) or unaccompanied by an offer of proof. *Ross* v. *Nourse, supra,* at 670. *Commonwealth* v. *Baker,* 348 Mass. 60, 63 (1964), and cases cited. *Cain* v. *Akikie, ante,* 857 (1974).

*Decree affirmed.*

*Sylvia J. Cox* for the contestants.
*Charles R. Desmarais* for the proponent.