VIRGINIA D. PHILLIPS *vs.* THOMAS PHILLIPS (and a companion case). April 30, 1975. 1. No appeal having been taken by the husband from the interlocutory order entered in the previous separate support proceeding on June 18, 1971, or from the order granting the wife's application for an allowance to prosecute the present libel for divorce, the husband's contentions with respect thereto are not properly before us. See *Old Dover Tavern, Inc.* v. *Amershadian,* 2 Mass. App. Ct. 882 (1974). 2. The husband's appeal from the decree nisi is before us, as it was within the power of the probate judge to deny the wife's motion to dismiss that appeal (*Ellis* v. *Selectmen of Barnstable,* 361 Mass. 794, 797-799 [1972]) and to allow the husband's motion for a stay of the decree pending the appeal (*Scholz* v. *Scholz,* 367 Mass. 143, 145 [1975], and cases cited). 3. There was no error in the entry of the decree nisi. If, as claimed by the husband, the libel was brought prior to the expiration of thirty days after the parties began to live apart (G. L. c. 208, § 6B, as appearing in St. 1967, c. 674, § 1), he has waived that objection, which is not jurisdictional and does not go to the merits, by failing to make it (by his pleadings or otherwise) in the Probate Court. Compare *Richardson* v. *Lee Realty Corp.* 364 Mass. 632, 636, fn. 1 (1974), and cases cited. The exclusions of the testimony of the parties' children and of the tape recordings (if otherwise admissible) are not shown to have prejudiced the husband, as his attempts to introduce the excluded evidence were not accompanied by offers of proof. *Montgomery* v. *Von Metzler,* 2 Mass. App. Ct. 885 (1974), and cases cited. The judge's findings were based largely on the testimony of the wife, whose credibility he was in a better position than we to evaluate, and his findings, not being plainly wrong, must stand. *Manoogian* v. *Manoogian,* 1 Mass. App. Ct. 825 (1973), and cases cited. The husband's remaining contentions on his appeal from the decree nisi are

not supported by the record before us. 4. The husband's appeal from the denial of his motion for leave to proceed in forma pauperis, on his appeal from the decree nisi, not having been argued in his brief, is deemed waived. *Nigro* v. *Nigro, ante,* 705 (1975). 5. The husband's appeal from the decree in the companion case (whereby the provision in the decree nisi regarding visitation rights was modified) was not filed within the twenty-day period prescribed by G. L. c. 215, § 9 (as amended through St. 1947, c. 360) or pursuant to a petition for leave to appeal late under G. L. c. 215, § 15 (as appearing in St. 1960, c. 207, § 3). *Golden* v. *Crawshaw,* 302 Mass. 343, 344 (1939). 6. The decree nisi and the order denying the motion for leave to proceed in forma pauperis are affirmed. The appeal from the decree in the companion case is dismissed.

*So ordered.*

*Thomas Phillips,* pro se.
*Hyman Rabinovitz* for Virginia D. Phillips.