GARDNER CUSHMAN & another[1] *vs.* NANCY BIRD NICHOLS. September 11, 1985. *Probate Court,* Jury issues.

Nancy Bird Nichols, an objector to the probate of the will of her step-mother, Margaret Follin Bird, appeals from a decision of a probate judge

---

[1] Lawrence Coolidge.

declining to frame issues for a jury (see G. L. c. 215, § 16) on whether
the testatrix had the mental capacity to execute the will, and whether the
execution of the will was brought about by fraud or undue influence on the
part of her daughter and son-in-law, Adelaide and Walker B. Comegys.[2]
Because of the objector's apparent failure to comply with the rules of
appellate procedure regarding the content of a record on appeal, the record
properly before us may, in strictness, be so meager as to invite affirmance
without more. We choose to overlook such defects and to consider the
merits as displayed in the papers tendered on both sides of the questions at
bar. These proofs — depositions and other materials — are taken in part
from the record made upon a motion for summary judgment by Adelaide
and Walker Comegys to establish their right.

The motion for summary judgment was denied (without opinion) by the
probate judge, and the objector makes some contention that that decision
is inconsistent with the same judge's denial (also without opinion) of the
objector's motion to frame issues. But, first, the summary judgment proce-
dure is not available in will contests like the present,[3] so the judge's negative
decision may have gone on that technical ground. Second, the denial of a
motion for summary judgment does not mean that the prevailing party on
that motion has a robust chance of final success in the action; it means
merely that he has a position that should not be dismissed out of hand. As
will be seen, the former rather than the latter standard must be met by an
objector before a judge is warranted in framing jury issues.

It will serve no public purpose to rehearse in any detail the evidence
and the inferences sought to be drawn from it. In brief: Mrs. Bird in her
next-to-last will (1981) favored the objector, the daughter of her deceased
second husband, as compared with her own daughter of her first marriage.
But in her last will (1982), a year before her death at age seventy-seven,
Mrs. Bird reversed course and favored her daughter. Thus, whereas the
residue of the estate would have passed under the previous will five-eighths
to Nancy and her four children in equal parts, and two-eighths to Adelaide
and one eighth to Adelaide's daughter Elizabeth,[4] now two-thirds of the
residue would go to Adelaide and one-third to Elizabeth. The measure of
the objector's disappointment is her institution of the present suit.

It seems to us that in demanding that issues be framed, the objector
underrates the standard she has to meet, while overrating the proofs she

---

[2] Another issue, whether the execution of the will was formally correct, has been
waived.

[3] It is available on the "equity" side of the Probate Court. See Mass.R.Civ.P. 1,
as appearing in 385 Mass. 1214 (1982).

[4] Adelaide had another daughter who was severely handicapped, so that a direct
distribution to her would appear inadvisable.

has on hand.[5] A judge is not to frame issues merely on the footing that the case can be as well decided by a jury as by a judge. Cf. *Fuller* v. *Sylvia*, 240 Mass. 49, 53 (1921); *Ware* v. *Morton*, 288 Mass. 107, 109 (1934). A judge acts affirmatively only when the objector shows "a genuine and doubtful question of fact supported by evidence of such substantial nature as to afford ground for reasonable expectation of a result favorable to the party seeking the framing of the issue." *Cowee* v. *Morton*, 336 Mass. 300, 303 (1957). See also *Boston Safe Deposit & Trust Co.* v. *Blaisdell*, 333 Mass. 51, 55-56 (1955); *Plakas* v. *Plakas*, 11 Mass. App. Ct. 922 (1981); 1 Newhall, Settlement of Estates § 42 (4th ed. 1958 & Supp. 1985). On the issue of testamentary capacity, the proponents of a will have the ultimate burden of proof, see *Claffey* v. *Fenelon*, 263 Mass. 427, 430 (1928), but the question is not put to a jury where prima facie all that is suggested is such a deterioration of mental capacity or loss of alertness as often comes with advanced age, leaving intelligence and awareness adequate to support the exercise of judgment.[6] That a testator disposes of property in a manner that some may think unwise, is remote from proof of the kind of mental breakdown that ought to invalidate a will.

When it comes to fraud or undue influence, the burden is on the objector, see *Hogan* v. *Whittemore*, 278 Mass. 573, 578 (1932), and here it is not enough to point to evidence of some vague opportunity for suasion very short of connivance to bring about the psychological collapse of a testator to the stage of the destruction of an independent will. See *Neill* v. *Brackett*, 234 Mass. 367, 369 (1920). Cf. *Bruno* v. *Bruno*, 10 Mass. App. Ct. 918 (1980), *S.C.*, 384 Mass. 31, 33-35 (1981).

Even apart from the weight that attaches to the decision of the probate judge, see *Fay* v. *Vanderford*, 154 Mass. 498, 499 (1891); *Seiferth* v. *Hay*, 352 Mass. 768, 769 (1967), we are confident of our judgment that on neither issue has the objector at this preliminary stage established a reason-

---

[5] Upon a motion to frame issues, it has been common practice for counsel on either side simply to state what they conscientiously believe they will be able to prove. See *Clark* v. *McNeil*, 246 Mass. 250 (1923). In the present case we have an indication of the evidence itself.

[6] The ultimate question is whether the testatrix had the ability "to understand, and carry in her mind, in a general way, the nature and situation of her property, and her relations to those persons who [were] about her; to those who would naturally have some claim to her remembrance . . . and [whether she was] free from any delusion which was the effect of disease, and which would or might lead her to dispose of her property otherwise than she would have done if she had known and understood correctly what she was doing." *Daly* v. *Hussey*, 275 Mass. 28, 29 (1931), quoting from *Whitney* v. *Twombly*, 136 Mass. 145, 147 (1883).

able prospect of success. The objector is entitled to a nonjury trial of the issues, and, of course, may succeed in the end.

*Order affirmed.*

*Lewis M. Engleman* for the defendant.

*Stephen A. Moore* for Gardner Cushman & another.

*Thayer Fremont-Smith,* for Adelaide Comegys & another, was present but did not argue.